KRUG PARK AMUSEMENT COMPANY ET AL., APPELLEES, V. GREAT AMERICAN INSURANCE COMPANY, APPELLANT: PLATNER LUMBER COMPANY, INTERVENER, APPELLEE.

FILED MAY 31, 1935. NO. 29430.

*Wells, Martin, Lane & Offutt,* for appellant.

*Frost, Hammes & Nimtz, Frederick L. Wolff* and *Ziegler & Dunn, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and REDICK, District Judge.

REDICK, District Judge.

This is another companion case to *Krug Park Amusement Co. v. New York Underwriters Ins. Co., ante,* p. 239. The evidence is substantially the same as in the above case except as noted below. The policy in this case was executed to the Park Bathing Company, and was issued and delivered August 6, 1932, to take effect September 1, thereafter. The evidence for plaintiff is somewhat stronger than in the other cases as the witness Fox, president of the park company, testified positively that, at his interview with Tukey in June, he told Tukey that the Krug Park Amusement Company was the owner of the property covered by the policy (the bathing pavilion), and to issue

the policies to the amusement company. Mr. Fox is not supported in these statements by Mr. Tukey, who testified that he never knew of any change in the title until September 26, although he had known prior to that time that the amusement company was expecting to acquire the title. The weight of Mr. Fox's evidence is entirely destroyed by the fact that he knew the policies had been written in the name of the bathing company, and after judgment in the forcible detainer suit requested Tukey to have them transferred to the amusement company. Furthermore, under the law and the evidence as pointed out in the *New York Underwriters Ins. Co.* case, the amusement company did not become the owner of the subject of insurance until the lease of the bathing company had been forfeited, September 1, 1932.

It is suggested that, inasmuch as the policy was not to go into effect until noon of September 1,. three hours after the rendition of the judgment in the forcible detainer suit, a case of mutual mistake is made out. The difficulty with this proposition is that the evidence establishes the policy was written precisely as ordered and intended by the parties, Mr. Fox may have thought that he was protecting the interests of the amusement company, but Tukey testified he had no knowledge of change of title or claim of ownership by the amusement company, and that he would not have issued the policy in the name of any one other than the owner, whom he understood to be the bathing company. Furthermore, if the change of ownership, as has been shown, took place at 9 o'clock September 1, the policy written in the name of the bathing company never went into effect at all, as at the time of its effective date the ownership of the bathing company had been divested.

The intervener in this case claims the proceeds of the policy of insurance sued upon by virtue of an assignment thereof, but his case depends upon the success of the plaintiff and must fall with the defeat of the latter. For reasons stated in *Krug Park Amusement Co. v. New York Underwriters Ins. Co., ante,* p. 239, the decree of the dis-

trict court in favor of the plaintiff and intervener is reversed and the case of plaintiff and the petition of intervener dismissed.

REVERSED AND DISMISSED.